The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion on the proper venue for an involuntary commitment proceeding under the provisions of A.C.A. §§ 20-47-201—228. Specifically, you indicate that recently, a resident of Washington County was involuntarily detained in that county, as posing an immediate danger to herself or others. She was transported to the Arkansas State Hospital. Upon a request by the State Hospital for the filing of a petition for involuntary commitment in Pulaski County, one of the probate judges in Pulaski County advised that the petition should be filed in Washington County. Upon presentation of the petition to one of the Washington County probate judges, the petitioner was informed that the proper venue was in Pulaski County. Your question is thus in which county venue is proper.
I should note initially that this office, as an establishment of the executive branch of state government, has no authority over the judicial branch, or its interpretation of the statutes in question. As such, any official expression of opinion by this office on the issue would not be binding on the probate judges in question. Because it appears, however, that the question you pose is not the subject of litigation, or the subject of any court orders deciding the question, I will provide my legal opinion to you as required by statute. See A.C.A. § 25-16-706.
It is my opinion under the facts set out above, that venue is proper in Pulaski County, where the individual is detained, or Washington County, assuming the individual "resides" there.
Section 20-47-207(a) of the Arkansas Code is entitled "WRITTEN PETITION — VENUE", and provides that:
 Any person having reason to believe that a person meets the criteria for involuntary admission as defined in subsection (c) of this section may file a verified petition with the clerk of the probate court of the county in which the person alleged to have mental illness resides or is initially detained. [Emphasis added.]
In such cases, therefore, venue is proper either in the county of residence of the detainee, or in the county where the detainee is "initially detained." As stated in Op. Att'y. Gen. No. 86-234, copy enclosed, it could be argued that the phrase "initially detained" refers only to the place the detainee was first detained, although he or she was later transferred pre-petition to detention in another county. In the fact situation you describe, the county where the detainee was "initially" detained was Washington County. It is my opinion, however, that the phrase "initially detained" refers merely to the county where the individual is being detained prior to the filing of the petition, the word "initially" referring to the detainment occurring prior to the institution of any judicial proceedings.
This construction is consistent with remaining provisions of the act. Opinion No. 86-234 goes on to note that what is now §20-47-210, which authorizes the immediate confinement of persons posing clear and present dangers to themselves or others, provides that venue for filing the petition is proper where the detainee "resides or is detained. . . ." See A.C.A. § 20-47-210
(a)(1). This section would allow the filing of the petition is Pulaski County under the fact situation you describe, because the individual in question is being detained there (at the State Hospital).
It is therefore my opinion that the statutes provide for venue in either the county of residence of the individual in question, which from the facts given would be Washington County, or where the individual is detained, which would, under the facts above, be Pulaski County.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh